PROB 12C
(6/16)

Report Date: May 15, 2019

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 15, 2019

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Peter Xayasounthone          Case Number: 0980 4:16CR06014-001

Address of Offender: ▓▓▓▓▓▓▓▓▓ Pasco, Washington 99301

Name of Sentencing Judicial Officer:  The Honorable Salvador Mendoza, Jr., U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Mary K. Dimke, U.S. Magistrate Judge

Date of Original Sentence: November 10, 2016

| | | | |
|---|---|---|---|
| Original Offense: | Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1) | | |
| Original Sentence: | Prison - 36 months; TSR - 36 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Alvin Guzman | Date Supervision Commenced: | August 9, 2018 |
| Defense Attorney: | Alex B. Hernandez, III | Date Supervision Expires: | August 8, 2021 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number    Nature of Noncompliance

1    **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his conditions of supervised release by failing to provide a urine sample for random drug testing on May 6, 2019.

On August 10, 2018, the offender signed his Judgement in a Criminal Case, stating he understood he was to submit to random drug testing. He also signed his substance abuse testing Instructions which states he needed to report as directed and supply a random drug test when requested.

On May 6, 2019, the offender was directed to report to the probation office to supply a random drug test. The offender was notified at 9:30 a.m. about the test and requested to arrive at 2 p.m.  The offender did not arrive until 4:10 p.m. and then advised he could not produce a sample. The offender was given until 5 p.m. to produce the sample. At 5 p.m. the

offender still had not produced a sample. The offender was removed from the office due to the closure of the building.

2     **Standard Condition #2:** After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: The offender is considered to be in violation of his conditions of supervised release by failing to report as directed on May 6 and 7, 2019.

On August 10, 2018, the offender signed his Judgement in a Criminal Case, stating he understood he was to report as instructed by his probation officer.

On May 6, 2019, the offender was instructed at 9:30 a.m. to report to the probation office at 2 p.m. for a random drug test. This request was made after it was determined the offender had made an unapproved stop at a car wash the day prior while he was on GPS tracking. At 2 p.m. the offender sent a text message asking to move the appointment to the following day as he had family in town. The request was denied and he was instructed to immediately report. The offender agreed. At 3:45 p.m. the offender still had not reported so phone contact was made. The offender advised he was leaving his home. The offender did not arrive until 4:10 p.m. As noted within violation #1, the offender did not provide a random drug test. The offender was directed to report to Merit Resource Services at 8:30 a.m. on May 7, 2019, to provide a urine sample for testing. The offender was specifically directed to report at 8:30 a.m. so the sample could be collected as early as possible and so it would not interfere with his treatment session which started at 9 a.m.

On May 7, 2019, the offender reported to Merit Resource Services but waited until after 12:30 p.m. to provide the sample. The offender admitted he had used methamphetamine.

3     **Standard Condition # 4**: You must be truthful when responding to the questions asked by the probation officer.

**Supporting Evidence**: The offender is considered to be in violation of his conditions of supervised release by making false statements about drug use to his supervising probation officer on May 6, 2019.

On August 10, 2018, the offender signed his Judgement in a Criminal Case, stating he understood he was to truthfully respond when questioned by his probation officer.

As noted within violations #1 and #2, the offender was directed to report for a random drug test on May 6, 2019. After the offender arrived, he was asked if he had been using controlled substances. The offender denied any use and stated he just could not produce a urine sample for testing. The offender was asked this same question several times and he denied any use each time.

On May 7, 2019, the offender admitted to using methamphetamine on May 5, 2019, when confronted with providing a drug test at Merit Resource Services.

4  **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his conditions of supervised release by using a controlled substance, methamphetamine, on or prior to May 7, 2019.

On August 10, 2018, the offender signed his Judgement in a Criminal Case, stating he understood he was not to use illegal controlled substances.

On December 3, 2018, the offender signed his Treatment Services Contract Program Plan stating he understood he was to report to Merit Resource Services for random drug testing as instructed.

On May 6, 2019, the offender was instructed to provide a random drug test at Merit Resource Services on May 7, 2019. The offender provided a sample and it returned presumptive positive for the presence of methamphetamine. The sample was forwarded to Alere where it was confirmed positive for the presence of methamphetamine on May 9, 2019.

5  **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his conditions of supervised release by failing to report for a random drug test on May 13, 2019.

On August 10, 2018, the offender signed his Judgement in a Criminal Case, stating he understood he was not to use illegal controlled substances.

On December 3, 2018, the offender signed his Treatment services Contract Program Plan stating he understood he was to report to Merit Resource Services for random drug testing as instructed. The offender was instructed to phone daily to a color line and report when the color white was noted.

On May 13, 2019, the color white was called, but the offender failed to report to Merit Resource Services for testing.

6  **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is considered to be in violation of his conditions of supervised release by using a controlled substance, methamphetamine, on or prior to May

| | |
|---|---|
| | 14, 2019. |
| | On August 10, 2018, the offender signed his Judgement in a Criminal Case, stating he understood he was not to use illegal controlled substances. |
| 7 | On May 13, 2019, the offender failed to report for a random drug test at Merit Resource Services. The offender was contacted and directed to report to the probation office to provide a sample. The offender reported as directed and the sample returned presumptive positive for methamphetamine. The offender admitted to using and stated he was on the front porch of his home when a "friend" drove by and stopped. The offender stated he was able to obtain methamphetamine from the "friend" and he used it. The offender signed an Admission Report stating he used methamphetamine on May 11, 2019. |

**Special Condition # 3**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: The offender is considered to be in violation of his conditions of supervised release by failing to comply with chemical dependancy treatment.

On August 10, 2018, the offender signed his Judgement in a Criminal Case, stating he understood he was to enter into and successfully complete an approved treatment program.

As noted throughout the prior alleged violations, the offender has continued to use methamphetamine and to fail to report for random drug tests. As part of his required treatment, the offender is also to attend self-help groups. The offender chose to attend Narcotics Anonymous classes. He failed to attend meetings on May 11 and 13, 2019. On May 13, 2019, the offender chose to complete banking transactions rather than to attend his meetings. At this time, the offender is in noncompliance with his treatment obligations.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 15, 2019

s/David L. McCary

David L. McCary
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other



Signature of Judicial Officer
5/15/2019
Date